CASE 62—MOTION—SEPTEMBER 24.

# Cooper vs. Baker.

APPEAL FROM CLARK CIRCUIT COURT.

The purchaser of land sold under a judgment of the court, although not a party to the suit, may become an actor in it after the confirmation of the sale for the recovery of the rent accruing after his purchase, against the tenant who occupied the land, by motion, upon notice thereof properly executed on him; but the motion must be made and entered on the motion-docket in conformity to the Civil Code. (*See secs.* 376, 381, *and* 384.)

B. F. BUCKNER,                                    For Appellant.

J. SIMPSON,                                       For Appellee.

CHIEF JUSTICE PETERS DELIVERED THE OPINION OF THE COURT:

Appellee was not a party to the original action; but after he purchased the land, and the same had been conveyed to him upon a confirmation of the sale, he could become an actor for the recovery of the rent accruing after his purchase against the tenant who occupied the land, by motion, upon notice thereof properly executed on him; but in order to make that remedy available, the mode prescribed by the several sections of the *Civil Code* on the subject should be pursued.

By *section* 376, *Ib.*, the clerk is required to keep three dockets, one of which is to be called a motion-docket; and by *section* 381, any motion relating to the proceedings in court shall be entered on the motion-docket; and by *section* 384, the entry on the motion-docket must show the date of the entry and the object of the motion. This is necessary to apprise the party that there is a proceed-

Cooper vs. Baker.

ing against him in court, and give him an opportunity to make his defense.

In this case, it does not appear that the notice was even filed; it was perhaps handed to the clerk, but without any directions as to the disposition he was to make of it; the motion was not entered on any docket, nor the delivery of the notice to him (if, in fact, such delivery was made, of which he had no recollection) noted on the minute-book.

Nor are we authorized to conclude that the entry by the clerk of the continuance of a rule was the entry and continuance of the motion against appellant.

We are therefore of opinion that the proceedings, as exhibited in the record, did not authorize the judgment against Cooper, who did not appear in person and was not represented by counsel.

Wherefore, the judgment is *reversed*, and the cause remanded for further proceedings consistent with this opinion.